UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AKEEM TURNER, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:20-CV-597-JD-MGG |

OPINION AND ORDER

Akeem Turner, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-20-3-384) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing body fluid or fecal waste in violation of Indiana Department of Correction Offense 123. Following a disciplinary hearing, he was sanctioned with a loss of one hundred eighty days credit time and a demotion in credit class.

The Warden argues that Turner's claims are procedurally defaulted because he did not pursue an administrative appeal at the departmental level. Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). The parties dispute whether Turner pursued available administrative remedies or whether his claims are procedurally barred. Federal courts have the

discretion to consider claims for habeas relief under certain circumstances even if such claims are procedurally barred. 28 U.S.C. § 2254(b)(2). Because this issue is disputed, the court will consider the merits of Turner's claims.

Turner's sole argument in the petition is that he is entitled to habeas relief because he did not receive a disciplinary hearing within seven days as required by departmental policy. Procedural due process does not require correctional staff to provide a hearing within a particular timeframe. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the failure to follow departmental policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

In the traverse, Turner provides a narrative regarding the circumstances in which the container of fecal matter was found. He alleges that these circumstances involved the use of physical force and personal animosity toward him from correctional staff, but he concedes that he possessed a container of fecal matter for the purpose of using it to retaliate against another individual.[1] Because this narrative does not relate to the

---

[1] Departmental policy defines Offense 123 as "placing body fluid or fecal waste in a location unintended for hygienic disposal of body fluid of fecal waste and/or placing body fluid or fecal waste in a location with the intent that another person will touch or otherwise come in contact with the body fluid or fecal waste." ECF 9-10 at 3.

fairness of the disciplinary proceedings or to the fact or duration of his sentence, this narrative is not a basis for habeas relief.

Because Turner has not asserted a valid claim for habeas relief, the habeas petition is denied. If Turner wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Akeem Turner leave to proceed in forma pauperis on appeal.

SO ORDERED on August 24, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT